■ In the Matter of the Claim of CHRYSTAL ELIADES, Respondent, against ATLANTIC MUTUAL INSURANCE COMPANY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by an employer and insurance carrier from an award by the Workmen's Compensation Board in a death case. The decedent had been employed by the appellant employer as an engineer. On February 9, 1951, while the decedent was engaged in the course of his employment, he tripped on the pipes in the engine room, fell and struck his head on the concrete floor. There is evidence that he was rendered unconscious for a period of ten minutes by the injury and that later that day he was unable to comprehend written words or to recognize letters. He subsequently developed hemiparesis and complete aphasia and was hospitalized. A trephining operation was performed on March 29, 1951, in an attempt to discover a suspected blood clot on the brain but none was found. The decedent died on June 1, 1951. An autopsy was performed but, through an unfortunate oversight, the autopsy did not include an examination of the brain. The report of the autopsy gave as the cause of death "Carcinoma of lung with metastasis". It appears that the decedent had suffered from lung cancer for some time. It was the opinion of several of the medical experts that the death had been caused by a brain tumor which had metastasized from the lung cancer. Even if this opinion is accepted and the theory of a blood clot is rejected, the medical evidence justifies a finding that the metastasis had been accelerated in its course by the accidental brain injury and that the injury had either activated or aggravated the development of the metastatic brain tumor. To accept the contrary view that there was no causal connection between the accidental brain injury and the

development of the brain tumor would require us to assume that a remarkable coincidence had occurred and that the normal development of the metastasis was about to affect the functioning of the brain at the very time when the accidental injury occurred. As the claimant's medical experts pointed out, the symptoms indicating that the brain had been seriously affected followed so closely after the accidental injury that it was fairly inferable that the accidental injury was at least in part the cause of the symptoms. On the whole record, we cannot say that there was no substantial evidence to sustain a finding that the injury was causally related to the death. Award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Bergan, J. P., Coon, Halpern, Zeller and Gibson, JJ.